UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARLOS E. PEREZ,<br>　　Plaintiff, | :<br>:<br>: | |
| v. | :<br>: | CIVIL ACTION NO.<br>10-cv-1299 (VLB) |
| AHLSTROM CORPORATION,<br>　　Defendant. | :<br>:<br>: | June 27, 2011 |

### RULING GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. #10]

The plaintiff Carlos Perez ("Perez") filed this case *pro se* against his former employer, Ahlstrom Corporation ("Ahlstrom"). Perez alleges that Ahlstrom discriminated against him and terminated his employment on the basis of race, national origin and disability. He asserts claims for violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Ahlstrom moves to dismiss the complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.[1] [Doc. #10]. For the reasons stated below, Ahlstrom's motion is GRANTED.

### *I. FACTUAL AND PROCEDURAL BACKGROUND*

Perez' complaint alleges the following facts. Perez worked for Ahlstrom until his employment was terminated on March 5, 2008. Perez claims that he was treated differently than other employees, and was "forced to work by intimidation." Compl. ¶ 6. He specifically alleges that he was terminated as a result of false

---

[1] Ahlstrom also moves to dismiss for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. However, the docket sheet reflects that the summons was returned executed by the United States Marshals Service on March 30, 2011. [Doc. #15]. Therefore, Ahlstrom's motion to dismiss on this basis is denied.

accusations regarding his behavior and work performance, that his work was not recognized, and that other employees were allowed to use the internet, bring their own computers and dvd players to work, and play games and watch movies on those devices. *Id.* ¶ 7. He further alleges that Ahlstrom defamed his character, subjected him to verbal abuse including by displaying offensive pictures, and retaliated against him for unspecified reasons. *Id.* ¶ 6. In support of his ADA claim, Perez alleges that he was terminated right before he was scheduled to undergo a surgical procedure. *Id.* ¶ 7.

Based upon these allegations, Perez filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). The CHRO dismissed his complaint following a merit assessment review pursuant to Connecticut General Statutes Section 46a-83(b). On March 2, 2010, the CHRO issued a release of jurisdiction letter to Perez, which was mailed to his address via certified mail. Def. Exh. A. The letter informed Perez, in bold-face underlined font, that he must bring a court action within ninety days of his receipt of the release and within two years of the date he filed his complaint with the CHRO. *Id.* Perez alleges that he received the CHRO's release of jurisdiction letter on May 11, 2010. Compl. ¶ 11. However, Ahlstrom has presented a receipt from the United States Postal Service confirming that the release of jurisdiction was delivered to Perez on March 29, 2010. Def. Exh. H. Perez filed suit in this Court on August 12, 2010. Ahlstrom filed its motion to dismiss on December 23, 2010 [Doc. #10], and Perez filed an opposition on February 4, 2011. [Doc. #14].

## II. STANDARD OF REVIEW

The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are "substantively identical." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d. Cir. 2003). However, on a motion to dismiss under Rule 12(b)(1), the party invoking the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6). *Id.* In deciding both types of motions, the Court "must accept all factual allegations in the complaint as true, and draw inferences from those allegations in the light most favorable to the plaintiff." *In re AIG Advisor Group Sec. Litig.*, 309 Fed. App'x. 495, 497 (2d Cir. 2009). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court's review on a motion to dismiss pursuant to Rule 12(b)(6) is generally limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). In addition, the Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit."

*Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). In deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), however, the Court "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits." *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007).

### III. DISCUSSION

Ahlstrom moves to dismiss Perez' complaint on the basis that his Title VII and ADA claims are time-barred because he did not file his complaint within ninety days of receiving a release of jurisdiction letter from the CHRO.

A timely filing with the CHRO or EEOC is a prerequisite to a civil suit under Title VII. Title VII provides that within ninety days of receipt of a release of jurisdiction letter, "a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved[.]" 42 U.S.C. § 2000e-5(f)(1). This requirement has been extended to discrimination claims brought under the ADA. *See* 42 U.S.C. § 12117(a) (making powers, remedies, and procedures set forth in Title VII applicable to claims of discrimination on the basis of disability under the ADA). If a plaintiff fails to file a complaint with ninety days of receiving a release of jurisdiction letter, the action must generally be dismissed. *Casamento v. New York Stock Exchange, Inc.*, No. 95 CIV. 0201 (JSM), 1995 WL 373494, at *2 (S.D.N.Y. June 22, 2005).

As an initial matter, the Court notes that Ahlstrom's motion is properly analyzed as a motion to dismiss for failure to state a claim, rather than a motion to dismiss for lack of jurisdiction. Compliance with the ninety day filing requirement of 42 U.S.C. § 2000e-5(f)(1) is not a jurisdictional prerequisite but rather a statutory

4

requirement similar to a statute of limitation that is subject to waiver and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.").

In this case, the CHRO's release of jurisdiction letter was issued on March 2, 2010. Def. Exh. A. Ahlstrom contends that Perez received the letter on March 29, 2010. In support of this contention, Ahlstrom has submitted a receipt from the United States Postal Service's website confirming that the letter was delivered to Perez on March 29, 2010. Def. Exh. H. Although the Court's review on a motion to dismiss for failure to state a claim is generally limited to the facts asserted in the complaint and any documents attached to the complaint or incorporated by reference, the Court may also properly consider "matters of which judicial notice may be taken," *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999), including information on an official government website. *See* Fed. R. Evid. 201 (providing that a court shall take judicial notice of a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" if requested by a party and supplied with the necessary information); *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (concluding that a district court may take judicial notice of information on an official government web site); *Patsy's Italian Restaurant, Inc. v. Banas*, 575 F. Supp. 2d 427, 443 n.18 (E.D.N.Y. 2008) ("It is generally proper to take judicial notice of articles and Web sites published on the Internet."). Accordingly, the Court finds that Perez received the letter on March 29, 2010, and therefore he had until June 28, 2010 to file suit. Since he did not file his

motion to proceed in forma pauperis and complaint in this case until August 12, 2010, forty-five days after the deadline for doing so, his claims are untimely.

Moreover, even if the United States Postal Service receipt submitted by Ahlstrom is not considered, Perez' claims are still untimely based upon his own allegations. Ahlstrom alleges in the complaint that he received the release of jurisdiction letter on May 11, 2010. Compl. ¶ 11. If true, Perez would have had until August 9, 2010 to file suit. However, his motion to proceed in forma pauperis and complaint were not filed until August 12, 2010, three days after the deadline based upon Perez' version of events.

In certain limited circumstances, equitable tolling may be permitted when a plaintiff fails to meet the ninety-day filing deadline. *See Mulero v. Bridgeport Bd. of Educ.*, No. 3:07-CV-1206 (PCD), 2008 WL 2185928, at *3 (D. Conn. May 22, 2008). However, equitable tolling is in the discretion of the Court and should be used only in "extraordinary" circumstances. *Id.* When determining whether equitable tolling is appropriate, the Court must consider whether the plaintiff "(1) has acted with reasonable diligence during the time period [he] seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerrill-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal quotation marks omitted).

Equitable tolling may be appropriate where a plaintiff was unable to proceed in a timely fashion because of a mental condition or mental impairment. *Id.* at 80. The issue of whether a mental disability warrants equitable tolling of a filing deadline is "highly-case specific." *Mulero*, 2008 WL 2185928, at *3. The plaintiff bears the burden of demonstrating extraordinary circumstances, and must provide

6

"a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights" to justify tolling. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 178).

Here, Perez is seeking damages for psychological distress resulting from Ahlstrom's alleged discriminatory employment practices and his termination. Compl. ¶ 14. He claims in his opposition to Ahlstrom's motion to dismiss that this psychological distress is "still lingering" and that he is "still very far away from the day of full mental recovery." [Doc. #14] at 1. Even considering Perez' *pro se* status, these type of vague and conclusory statements fall far short of the showing necessary to justify equitable tolling. *See Boos*, 201 F.3d at 185 (holding that plaintiff's statement that she suffered from "paranoia, panic attacks, and depression" was "manifestly insufficient to justify any further inquiry into tolling"). Therefore, Perez' Title VII and ADA claims are time-barred and must be dismissed.

### IV. CONCLUSION

Based upon the foregoing reasoning, Ahlstrom's motion to dismiss [Doc. #10] is GRANTED. The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: June 27, 2011.